IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE JAMES ATMORE, | : | |
| | : | |
| Plaintiff | : | |
| | : | NO. 5:25-CV-00521-CAR-ALS |
| VS. | : | |
| | : | |
| DR. MOHOMED, *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

*Pro se* Plaintiff Willie James Atmore filed an unsigned complaint while being housed at Central State Hospital in Milledgeville, Georgia.[1]  ECF No. 1.  On December 2, 2025, Plaintiff was issued a deficiency notice that instructed him that Rule 11 of the Federal Rules of Civil Procedure mandates that every pleading, written motion and other papers must be signed by a party personally if the party is unrepresented.  Accordingly, Plaintiff was ordered to re-file his complaint with his signature.  Plaintiff was cautioned that failure to comply with the court's order to file a signed complaint may result in dismissal of this civil action.  Plaintiff was provided with fourteen days to respond to the Court's order and he has failed to do so.

Because Plaintiff has failed to comply with the Court's orders or otherwise

---

[1] Plaintiff filed other complaints simultaneously to the present civil action and in at least one of these, the court's mail was returned on December 16, 2025 with a notation that he had been released from Central State Hospital.  *See* ECF No. 4 in *Atmore v. Mincey*, case no. 5:25-cv-520-MTT-ALS (filed Nov. 6, 2025).  Plaintiff has not notified the court of any address change.

prosecute this case, his complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Gormley v. Nix*, No. 04-12374, 2005 WL 2090282, at *4 (11th Cir. Aug. 31, 2005) (per curiam) (citing *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002)) (finding *Wilson* governs only the "narrow issue of whether an inquiry need be made into a prisoner's attempt to comply with the filing fee requirements for in pauperis forma standing," and the district court does not have to inquire into a plaintiff's failure to comply with other orders before dismissing action); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

**SO ORDERED,** this 8th day of January, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT